# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| CHRIS WALTERS, | CV 12-184-M-DLC-JCL |
| Plaintiff, | ORDER, and |
| | FINDINGS AND |
| vs. | RECOMMENDATION |
| HON. U.S. SENATOR PATRICK LEAHY, | |
| HON. U.S. SENATOR CARL LEVIN, and | |
| HON. U.S. CONGRESSMAN JOHN CONYERS, | |
| Defendants. | |

_____

**I.** **INTRODUCTION**

Plaintiff Chris Walters, proceeding pro se, moves for leave to proceed in forma pauperis under 28 U.S.C. §1915(a). A court may grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for herself and her family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is well established that the district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

1

Nonetheless, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Therefore, the Court will first consider whether Walters' pleading has merit, or whether it is frivolous and subject to dismissal.

## II. PLAINTIFF'S ALLEGATIONS

Walters commenced this action on November 8, 2012, with his initial pleading entitled "Amicus Curiae Brief Question Constitutionality of Several Acts of Congress". Subsequent to that initial filing, Walters submitted over a dozen additional documents and motions posing numerous legal questions to the Court.

Walters' documents, however, are disorganized and fail to provide any comprehensible description of the precise nature of his claims. From a review of all of the documents submitted, the Court finds that Walters indicates he is a recipient of Medicaid and Supplemental Security Income benefits. As best as the Court can decipher from Walters' incomprehensible allegations, it appears Walters is complaining that he is not receiving all of the federal program benefits he is entitled to receive from various non-profit organizations, facilities, assisted living services, and medical care providers. His arguments appear to suggest that

because the Commissioner of Social Security has previously determined that he is disabled, he is therefore entitled to enjoy the full scope — as defined by Walters — of the referenced federal benefits from various benefit providers he has visited. Walters apparently contends that no provider is permitted to question his entitlement to federal benefits, and that no legal challenges can be advanced against his previously established eligibility for benefits since that question has been decided and not subject to further review.

Walters advances this action based on the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 because he asserts he is challenging the constitutionality of certain federal statutes enacted by Congress. Walters also suggests that certain individuals have committed acts of treason by enacting federal laws which "directly challenge the US Government[.]"

Walters' initial pleading identifies five federal questions he seeks to raise in this action. First, Walters argues that provisions of the "Social Security Act" in Title 42, Chapter 7, United States Code, unlawfully challenge and violate the Rule of Law. Specifically, he argues the provisions of 42 U.S.C. § 405(g) allowing judicial review of a final decision of the Commissioner of Social Security has unconstitutionally permitted ongoing review of both his disability determination and the scope of benefits to which he believes he is entitled. Thus, he apparently

3

seeks to prevent further litigation regarding, or changes to, his eligibility for Supplemental Security Income benefits.  *See* Walters' summary judgment motion (dkt. 8).

Second, Walters challenges unspecified provisions of federal laws which he alleges permit the use of Social Security or Medicaid programs "to Facilitate [the] Assassination of federal" welfare recipients.

Third, Walters asserts that non-profit welfare benefit providers allegedly interfere with his constitutional right to engage in interstate travel.  Without specific allegations, Walters contends "a large number of nonprofit agencies abus[e] their status as charities to prevent citizens from residing where they so desire[.]"

Fourth, again without any allegations specific to Walters' circumstances, he asserts a general right that patients have to seek medical treatment providers of their choice, and to obtain the highest standards of "physical and mental health" without interference from governmental officials.

Finally, Walters suggests there exists a need to impose "Penalties for Sedition, Insurrection and Treason."  Although Walters' allegations are incomprehensible, it appears that he contends the "Social Security Act" is so inadequate and "poorly constructed" that someone should be held accountable.

## III. DISCUSSION

Because Walters is proceeding pro se the Court must construe his pleadings liberally, and the pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In considering Walters' in forma pauperis request, the Court has authority to deny the request if the plaintiff's proposed complaint is frivolous or without merit. *Minetti*, 152 F.3d at 1115. The court retains discretion in determining whether a complaint is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a totally incomprehensible claim or complaint is without an arguable basis in law. *Jackson v. Arizona*, 885

F.2d 639, 641 (9th Cir. 1989) (superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds).

Additionally, the term "frivolous [...] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33.

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton*, 504 U.S. at 33.

Based on the forgoing legal authority, the Court finds that Walters' allegations are "frivolous" as that term is defined above. The Court's summary of Walters' allegations presented above reflect that his claims are fanciful, delusional, or fantastic. His allegations present irrational and illogical claims which fail to provide any comprehensible factual basis and, therefore, are wholly incredible. He presents no plausible underlying factual basis for his conclusory

6

factual assertions, and his allegations appear to be based only on his perception of events which have occurred in his life. Consequently, the Court finds this action is subject to dismissal.

## IV. CONCLUSION

For the reasons discussed above, the Court concludes Walters' pleading is fanciful and frivolous. Therefore, IT IS HEREBY RECOMMENDED that Walters' motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) be DENIED, and this action be DISMISSED.

The Court retains discretion over the terms of a dismissal, "including whether to make the dismissal with or without leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000). Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). And a court may dismiss a pro se action without leave to amend if the court finds that any attempted amendment would be futile. *Rouse v. United States Department of State*, 567 F.3d 408, 418-19 (9th Cir. 2009).

In view of Walters' fanciful allegations, the Court finds his incomprehensible pleadings could not possibly be cured by the allegation of other

facts. Further, in light of the multiple illogical and irrational filings that Walters has already submitted to the Court, and his failure to set forth short and plain plausible claims for relief, the Court finds it would be futile to allow Walters yet another opportunity to file another pleading. Therefore, the Court recommends dismissal of this action without leave to amend.

Based on the recommended dismissal of this action, IT IS FURTHER ORDERED that all of Walters' additional pending motions are DENIED as moot.

DATED this 4th day of January, 2013.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge